WILFORD v. DEVIN ET AL.

I. **Contract: SERVICES.** W. was employed by D. as a man of all work at a fixed weekly stipend; during the sickness of the latter he took care of him alternate nights and alternate Sundays, receiving pay for his services upon Sunday, but none for those rendered at night, nor was there any agreement respecting them; W. having recovered for the extra services at night in the court below, it was *held*, that the verdict should not be disturbed.

*Appeal from Wapello Circuit Court.*

THURSDAY, JUNE 15.

IN 1865 the plaintiff entered into a contract with the defendants' intestate, Thomas Devin, to work for him about his house and premises as a "man of all work" for $9.90 per week. The plaintiff continued in the service of said Devin under said contract for the period of about eight years, and until said Devin's death. During the last two years of said Devin's life he became infirm and comparatively helpless, and the plaintiff during that time did somewhat less work

out of doors, and took care of said Devin during daytime of week days, and on alternate Sundays and alternate nights. He received regularly his weekly wages of $9.90, and for the Sunday service when performed, $1 extra per Sunday. For his night service he received nothing, unless it was covered by his weekly wages above mentioned.

This suit is brought to recover for such night service. Judgment for plaintiff. Defendants appeal.

*Stiles & Burton*, for appellants.

*Wm. McNett* and *H. B. Hendershott*, for appellee.

ADAMS, J.—No express contract to pay for the night service is averred or shown. The question in this case is, Was the verdict of the jury contrary to the evidence in finding that there was an implied contract?

1. CONTRACT: services.

Where a person is employed as a "man of all work" and occasionally performs some night service, there is certainly no implied contract that he shall be paid extra for such service. But the night service performed by the plaintiff was of an exceptional character. It was performed on alternate nights for a period of about two years, another man being hired and paid to perform the service on the other nights. And while the fact that the plaintiff, during these two years, received regularly his weekly wages, and one dollar per fortnight extra for Sunday service, without any express agreement for pay for night service, tends strongly to show that it was not understood that he was to be paid for such service, yet we are not prepared to say that it would necessarily overcome the evidence tending to show that there was such understanding, as the great amount and character of the night service in connection with the day service. If there was an implied contract, it is to be gathered from all the circumstances of the case, as disclosed in the evidence. We are inclined to think the verdict was wrong, but the case is not such that we feel at liberty to set it aside.

AFFIRMED.